ROBINSON CLAY PRODUCTS CO. OF NEW YORK v. JOHN H.
THATCHER & SONS.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. SALES (§ 127*)—CONTRACTS—TIME AS OF THE ESSENCE.
   Where time for delivery was not specified in a contract of sale, the
   buyer could not make time of the essence, without giving the seller no-
   tice of an intention to cancel unless delivery was made on or before a
   fixed time.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 318, 319, 321; Dec.
   Dig. § 127.*]

2. SALES (§ 180*)—CONTRACTS—TIME AS OF THE ESSENCE—WAIVER.
   A buyer, accepting a part of the goods after the time fixed for delivery
   and requesting the seller to thereafter deliver more goods, thereby waived
   time for performance, though originally of the essence, so that notice
   fixing a new time was necessary.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 469–472; Dec.
   Dig. § 180.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth Dis-
trict.

Action by the Robinson Clay Products Company of New York
against John H. Thatcher & Sons. From a judgment of dismissal, and
for the counterclaim pleaded by defendant, plaintiff appeals. Reversed,
and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Young & Hughes, of New York City (James A. Hughes, of New
York City, of counsel), for appellant.

Hirsh & Newman, of Brooklyn (Benjamin Reass, of Brooklyn, of
counsel), for respondent.

PAGE, J. This action was to recover the contract price of goods
sold. On March 18, 1913, the defendant ordered certain fire brick and
tiles from the plaintiff by a written order. The tiles were to be man-
ufactured in Ohio, as the defendant knew. Prior to the giving of the
order, one of defendant's employés testified that he called up the plain-
tiff's New York office, and was quoted prices, and asked when deliv-
eries could be made, and was informed, "In four or five weeks." The
written order states these prices, but is silent as to time of delivery.
The fire brick was delivered May 6th, and was accepted by the de-
fendant. Thereafter the defendant wrote and telephoned to plain-
tiff's New York office several times, inquiring when the tiles would
be shipped. At no time, however, did they notify the plaintiff that,
unless the goods were shipped at a time certain, they would cancel the
order. The tiles were shipped on May 20th. On that date the defend-
ant mailed a notice of cancellation of the order.

[1] Judgment was given for the defendant, on the theory that time
was of the essence of the contract. But neither was a time for delivery
specified in the order, nor can the indefinite expression of the sales-
man's expectation over the phone be construed as an agreement defi-
nitely fixing the time for delivery. The defendant could not make time

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the essence, without thereafter giving plaintiff notice of its intention to cancel the order unless delivery was made on or before a fixed time.

[2] Even if time had been of the essence of the contract, and fixed at five weeks from March 19th, the defendant waived it by an an acceptance of a portion of the order after that date and requesting the plaintiff to thereafter deliver the tile, and, once waived, notice fixing a new time was necessary.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.