### ROBINSON CLAY PRODUCT CO. OF NEW YORK v. JOHN H. THATCHER & SONS.

(Supreme Court, Appellate Term, First Department.    June 28, 1915.)

APPEAL AND ERROR ⊜⟶1195—EFFECT OF DECISION ON RETRIAL—DIRECTION OF VERDICT.

    Where, on the facts, the appellate court found that plaintiff was entitled to recover, and the facts on a retrial were substantially the same, the trial court should have directed a verdict for plaintiff.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ⊜⟶1195.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Robinson Clay Product Company of New York against John H. Thatcher & Sons. From a judgment for defendants, plaintiff appeals. Reversed, and judgment directed for plaintiff.

See, also, 151 N. Y. Supp. 1142.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

William Wallace Young, of New York City, for appellant.

Hirsh & Newman, of Brooklyn (Benjamin Reass, Hugo Hirsh, and Emanuel Newman, all of Brooklyn, of counsel), for respondent.

PAGE, J. This is the second appeal in this case. The facts are sufficiently stated in the former appeal. 150 N. Y. Supp. 658. We then held that the time for delivery was not of the essence of the contract as originally made, and had not subsequently been made of the essence of the contract by the defendant giving notice of its intention to cancel the order unless delivery was made on or before a fixed time. We further pointed out that if the time had been fixed in the original contract, as defendant contended, that the defendant had waived it "by an acceptance of a portion of the order after that [time] *and requesting the plaintiff to thereafter deliver the tile,* and, once waived, notice fixing a new time was necessary." The testimony on this trial was substantially the same as before, and the court below should have directed a verdict for the plaintiff.

Judgment reversed, with costs to appellant, and judgment directed for the plaintiff for $233.58, with interest from June 20, 1913, with costs. All concur.